**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No.  13-48522-399 |
| Antonio R. Rotellini, | ) | Chapter 13 |
| Debtor. | ) | Re. Doc. 40 |
| John V. LaBarge, Jr., | ) | |
| Movant, | ) | |
| v. | ) | |
| Antonio R. Rotellini, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter comes before me on the *Trustee's Motion to Dismiss Case With Bar to Refiling,* filed by the Chapter 13 trustee, John V. LaBarge, Jr. (the "Trustee").  I dismiss the bankruptcy case of Antonio R. Rotellini (the "Debtor"), and enjoin the Debtor from filing another case under Title 11 of the United States Code (the "Bankruptcy Code") within 365 days of the dismissal.

**BACKGROUND**

On September 16, 2013, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code, commencing this bankruptcy case.  This is the Debtor's seventh bankruptcy filing since 2009.  Each of his six prior cases was dismissed.

On January 2, 2014, the Trustee received from the Debtor copies of the Debtor's federal tax returns for the years 2009 through 2012.  Those tax returns were provided to the Trustee after the Debtor testified at his October 28, 2013 first meeting of creditors that he had not filed tax returns for those years.[1]  The tax returns were also provided to the Trustee after the Trustee objected to confirmation of the Debtor's plan.  The tax returns all indicate that they are self-prepared and each lists the Debtor's status as "[m]arried filing separately."  The 2010 and 2012 tax returns are dated in November, 2013.  It is difficult to

---

[1] The meeting of creditors was continued to November 19, 2013, and concluded on that date.

decipher the date of the 2009 and 2011 tax returns, but both appear to be dated in November or December, 2013. The 2009 though 2011 tax returns show income of $0 for the Debtor. In the Debtor's amended Statement of Financial Affairs, which was also filed after the time of the Debtor's first meeting of creditors and after the Trustee objected to confirmation of the Debtor's plan, the Debtor lists his income from employment or operation of a business from 2011 through 2013 as: (1) $0 for 2011, (2) $6,300 for 2012, and (3) $51,000 for 2013.

Unfortunately, the information provided by the Debtor in his tax returns and Statement of Financial Affairs was not consistent with his representations in previous cases. And, the Debtor failed to comply with the requirements necessary to avoid dismissal of his previous cases.

In a Chapter 13 case filed on May 11, 2009 (Case No. 09-44350), the Debtor reported on his Schedule I that he earned gross income each month of $11,870 from operation of his business, and $4,150 per month in rental income, and that the Debtor's Schedule J showed $6,890 in monthly business expenses. In the Debtor's Statement of Financial Affairs, the Debtor stated that he earned income of $50,249 for the year as of May 11, 2009. The Debtor's Form B22C showed an average net business income of $2,751 for the period November 2008 through April 2009. The 2009 case was dismissed less than six months after it was filed for failure by the Debtor to make plan payments.

In July 30, 2010, the Debtor filed another Chapter 13 case (Case No. 10-48660). On a Schedule I (filed after the case was dismissed), Debtor listed a total of $5,500 of monthly income ($4,500 of earned income and $1,000 of rental income). According to the Debtor's Form B22C (also filed after the case was dismissed), he had an average of $4,500 in gross wages and $100 of net rental income per month from January through June, 2010. This case was dismissed less than a month after it was filed for failure to the Debtor to file required documents.

The Debtor filed two cases in 2011 (a Chapter 13 case (Case No. 11-49557) filed in September, 2011, and a Chapter 7 case (Case No. 11-53058) filed in December, 2011). Each of the Debtor's 2011 bankruptcy filings was dismissed within a month of filing for failure of the Debtor to file required documents.

In addition, a Chapter 13 case filed by the Debtor in June, 2012 (Case No. 12-46146), was dismissed within a few weeks of filing because the Debtor failed to file required

documents. During the course of that case, the Debtor provided the Chapter 13 trustee with a partial 2009 federal tax return. That partial tax return indicated that the Debtor was filing it as a married person filing separately from his spouse. Although the tax return was not complete, substantial business income is listed for the Debtor on line 12.

In July, 2013, the Debtor filed yet another Chapter 13 case (Case No. 13-46506), which was dismissed shortly after filing for failure by the Debtor to file required documents.

Finally, the Debtor filed this case (Case No. 13-48522) almost immediately after his previous case was closed. The Trustee filed his *Trustee's Motion to Dismiss Case With Bar to Refiling,* arguing that the Debtor's actions are an abuse of the bankruptcy process, and asking me to "dismiss this case and impos[e] a bar to refiling of future cases." The Debtor filed a response to the Trustee's motion, and the parties filed with this Court a *Stipulation of Facts.* At a hearing on the Trustee's motion scheduled for April 9, 2014, the parties requested to submit this matter to me on the record.[2]

## DISCUSSION

"[T]he purpose of the bankruptcy code is to afford the honest but unfortunate debtor a fresh start, not to shield those who abuse the bankruptcy process in order to avoid paying their debts." *Molitor v. Eidson (In re Molitor)*, 76 F.3d 218, 220 (8th Cir. 1996) (citing *Graven v. Fink (In re Graven)*, 936 F.2d 378, 385 (8th Cir. 1991).

**A.    Dismissal**

Bankruptcy Code § 1307(c) permits a bankruptcy court to dismiss a Chapter 13 case for cause. It states that:

> [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause . . . .

11 U.S.C. § 1307(c). Included as "cause" under §1307(c) is a debtor's bad faith. *See Molitor*, 76 F.3d at 220 ("[A] Chapter 13 petition filed in bad faith may be dismissed or converted 'for cause' under 11 U.S.C. §1307(c).").

---

[2] In the *Stipulation of Facts*, the parties agreed to various facts, many of which I repeat here. The facts recited here also reflect the submissions in this case, information in the documents filed in the Debtor's various bankruptcy cases, and Exhibits presented to me with the *Stipulation of Facts* filed by the parties.

3

A determination of good faith requires consideration of the totality of the circumstances: "(1) whether the debtor has stated his debts and expenses accurately; (2) whether he has made any fraudulent representation to mislead the bankruptcy court; or (3) whether he has unfairly manipulated the bankruptcy code." *Id.* at 220 (citing *Handeen v. LeMaire (In re LeMaire*), 898 F.2d 1346, 1349 (8th Cir. 1990); *see also Ladika v. I.R.S. (In re Ladika),* 215 B.R. 720, 725 (B.A.P. 8th Cir. 1998)(" '[G]ood faith should be evaluated on a case-by-case basis in light of the structure and general purpose of Chapter 13.' ") (quoting *LeMaire*, 898 F.2d at 1353) (quotation mark omitted). "[F]actors such as the type of debt sought to be discharged and whether the debt is nondischargeable in Chapter 7, and the debtor's motivation and sincerity in seeking Chapter 13 relief, are particularly relevant." *Tina Livestock Sales, Inc. v. Schachtele (In re Schachtele),* 343 B.R. 661, 668 (B.A.P. 8th Cir. 2006) (citing *LeMaire*, 898 F.2d at 1349). However, "[t]here are no 'precise formulae or measurements to be deployed in a mechanical good faith equation.' " *LeMaire*, 898 F.2d at 1353 (quoting *Metro Emps. Credit Union v. Ohoreeh-Baah (In re Okireeh-Baah)*, 836 F.2d 1030, 1033 (6th Cir. 1988). A finding of actual fraud is not required for a determination of bad faith. *Id.* at 1352 n.8. Rather, the requirement is that "*the bankruptcy court preserve the integrity of the bankruptcy process by refusing to condone its abuse.*" *Id.* (alternation in original) (quoting *Shell Oil Co. v. Waldron (In re Waldron)*, 785 F.2d 936, 941 (11th Cir. 1986). To constitute bad faith, "the debtor's conduct must, in fact, be atypical." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 n. 11 (2007).

Dismissal for cause is appropriate in this case. During the course of his many bankruptcy cases, the Debtor failed to comply with the requirements for filing a bankruptcy petition and failed to state his affairs consistently. He has exhibited a pattern of deliberately misleading the bankruptcy court and the Trustee, and has demonstrated a total disregard for the sanctity of the bankruptcy process.

As of the Debtor's October 28, 2014 meeting of creditors in this case, the Debtor represented he still had not filed tax returns for the years 2009 through 2012. It was only after the meeting of creditors, and after the Trustee objected to confirmation of the Debtor's plan, that the Debtor submitted to the Trustee his federal tax returns and amended his Statement of Financial Affairs to include his income from the missing years. Now, given inconsistencies between the information on the tax returns (as discussed below), the Trustee is left to wonder whether the information on the tax returns is accurate.

When the Debtor actually provided documents in his cases, the Debtor submitted conflicting information in different cases. In this case, the Debtor's 2009 tax return provided

4

to the Trustee shows $0 of income for 2009, but the information submitted by the Debtor in the documents filed in his 2009 case (the Debtor's Schedules I and J, Statement of Financial Affairs and Form B22C), paint quite a different picture of the Debtor's situation. They show significant income for the same year. The tax returns submitted to the Trustee in this case also conflict with the partial 2009 tax return submitted by the Debtor to the Trustee in a 2012 filing (Case No. 12-46146), which showed on line 12 significant business income for the Debtor. Likewise, the Debtor's Schedule I and Form B22C filed in the Debtor's 2010 case (Case No. 10-48660), which show significant income, conflict with the 2010 tax return submitted to the Trustee in this case, which shows income of $0.

Moreover, the Debtor filed his Chapter 13 petitions individually, i.e. he did not file jointly with a spouse. By filing his Chapter 13 petitions, the Debtor represented that he met the eligibility requirements for a Chapter 13 debtor. Bankruptcy Code § 109(e) requires that a Chapter 13 debtor have regular income. 11 U.S.C. § 109(e) ("Only an individual with regular income . . . or an individual with regular income and such individual's spouse, . . . . may be a debtor under chapter 13 of this title.") However, the tax returns submitted by the Debtor to the Trustee in this case show $0 of income for 2009-2011, and the Statement of Financial Affairs shows $0 of income for the Debtor in 2011. Nevertheless, the Debtor filed multiple Chapter 13 petitions from 2009 through 2011.

The Debtor has exhibited a disregard for, and abuse of, the bankruptcy process through his pattern of filing multiple bankruptcy cases that were involuntarily dismissed due to his failure to comply with his obligations. The Debtor's first case was dismissed after he failed to comply with his obligation to make plan payments, followed by the dismissal of several of the Debtor's cases based on his failure to file required documents. Then, in this case, the Debtor filed his tax returns and completed his Statement of Financial Affairs only after he was faced with possible denial of confirmation of his plan. Now, given the inconsistencies in the documents presented by the Debtor, the Trustee and the court are left to wonder whether the information provided by the Debtor is accurate. It is clear that the Debtor has, and continues to, proceed with a lack of sincerity for the bankruptcy process, and Chapter 13 in particular.

As his response to the *Trustee's Motion to Dismiss Case With Bar to Refiling*, the Debtor claims that he filed this case in good faith. He states that during the time of his previous filings, the Debtor "was suffering from mental health and substance abuse problems." According to the Debtor, he has recovered. He blames the incomplete filings, inaccuracies and inconsistencies in his documents on the fact that his previous filings were made both *pro se* and with different attorneys while he suffered from a substance abuse

5

problem. The Debtor also states that "the information in the present case is accurate to the best of his knowledge with the information he has available," and that he "has made all plan payments in the present case and is current."[3]

I acknowledge that the Debtor's previous problems are unfortunate, and I sincerely hope that the Debtor has recovered from any such conditions. However, this does not excuse the pattern of behavior shown by the Debtor throughout his cases. It is not fair to require the Debtor's creditors to suffer the consequences and inconvenience of his inaccurate and incomplete filings. Moreover, the pattern of behavior exhibited by the Debtor has required the Trustee and the court to unnecessarily expend significant time and resources. And, based on the Debtor's conduct, there remains uncertainty regarding the accuracy of his current submissions. It is the duty of a debtor to proceed with full and complete candor, and the bankruptcy system depends on it.

**B.     Refiling by Debtor**

In addition to dismissing the Debtor's bankruptcy case, I see cause, for the same reasons, to also grant the Trustee's request that I impose a bar on the Debtor's refiling of a bankruptcy petition. Bankruptcy Code § 349(a) states that:

> [u]nless the court, *for cause, orders otherwise*, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title *prejudice the debtor with regard to the filing of a subsequent petition under this title*, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a) (emphasis added).[4]  Bankruptcy Code § 105(a) provides that:

---

[3]     In his *Response to Trustee's Motion to Dismiss*, filed in February, 2014, the Debtor stated that he could not confirm or deny the statements made by the Trustee in his motion because the Debtor's records were lost. However, in April, 2014, the Debtor signed a *Stipulation of Facts*, which set forth many of the facts as agreed facts and attached relevant documents as exhibits.

[4]     Section 109(g) does not apply here. It sets forth a bar on eligibility for bankruptcy filing in certain circumstances. It states:

> (g) Notwithstanding any other provision in this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if -
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing

6

> [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action of making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). "Bankruptcy courts 'invariably derive from § 105(a) or § 349(a) of the Code . . . the power to sanction bad-faith serial filers . . . by prohibiting further bankruptcy filings for [over] 180 days." *Marshall v. McCarty (In re Marshall)*, 407 B.R. 359, 363 (B.A.P. 8th Cir. 2009) (quoting *Casse v. Key Bank Nat'l Assn. (In re Casse)*, 198 F.3d 327, 337,338 (2d Cir. 1999)); *but see Frieouf v. U.S. (In re Frieouf)*, 938 F.2d 1099 (10th Cir. 1991) (limit is180 days in § 109(g)). However, "a dismissal order that bars subsequent litigation is a severe sanction warranted only by egregious misconduct." *Id.* (quoting *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 937 (4th Cir. 1997)) (quotation marks omitted). Here, the Debtor is a serial filer whose actions abuse and insult the integrity of the bankruptcy process. I believe that the only way to stress the importance of the reason for dismissal of this case and to prevent further abuse by the Debtor is to dismiss this case and enjoin the Debtor from refiling a bankruptcy petition for 365 days after the entry of the *Pre-Confirmation Order and Notice of Dismissal* accompanying this *Memorandum Opinion*.

## CONCLUSION

For the reasons stated, the *Trustee's Motion to Dismiss Case With Bar to Refiling,* shall be granted in that, by separate order, the bankruptcy case of Antonio R. Rotellini, Case No. 13-48522-399, shall be dismissed and Antonio R. Rotellini shall be enjoined from filing a petition under Title 11 of the United States Code for 365 days after entry of the *Pre-Confirmation Order and Notice of Dismissal* accompanying this *Memorandum Opinion*.

DATED: May 1, 2014　　　　　　　　　　　　　／s／ Barry S. Schermer
St. Louis, Missouri 63102　　　　　　　　　　Barry S. Schermer
cke　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

---

of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g).

Copies to:

Wesley C Gotschall
A&L Licker Law Firm
1861 Sherman Drive
St. Charles, MO 63303

Antonio R. Rotellini
3167 Old Baumgartner Estates
Saint Louis, MO 63129

Trustee
John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

U.S. Trustee
Office of U.S. Trustee
111 South Tenth Street
Suite 6353
St. Louis, MO 63102

ALL CREDITORS AND PARTIES IN INTEREST AS SET FORTH ON THE MATRIX